# EXHIBIT 1

1  **LAW OFFICES OF RICHARD SHEINSON, P.C.**
   17470 N. Pacesetter Way
2  Scottsdale, AZ 85255
   (480) 365-0340
3  Richard Sheinson, #017487
   rsheinson@sheinsonlaw.com
4  Lonny Sheinson, #026369
   lsheinson@sheinsonlaw.com
5  Attorneys for Plaintiff

6

7

8

9
                IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
10
                  IN AND FOR THE COUNTY OF MARICOPA
11

12  SEVASTE PALAISTIS,                    )
    Plaintiff                            )   Case No. CV2017-003627
13                                        )
          vs.                             )
14                                        )
    NICHOLAS MEYER, D.D.S. and            )
15  NANCY MEYER, a married couple;        )       **SUMMONS**
    MILLENNIUM DENTAL ASSOCIATES,         )
16  P.C., an Arizona Corporation; DOES I-X, )   (Assigned to Hon. David Gass)
    individuals and entities,             )
17                                        )   If you would like legal advice from a lawyer,
                                          )   Contact the Lawyer Referral Service at
18        Defendants.                     )          602-257-4434
                                              ―――――――――――――――――
                                                         or
19                                             www.maricopalawyers.org
                                                   Sponsored by the
20  THE STATE OF ARIZONA TO DEFENDANT:     Maricopa County Bar Association

21       **NICHOLAS MEYER, D.D.S. and NANCY MEYER, a married couple**

22       YOU ARE HEREBY SUMMONED and required to appear and defend, within the
    time applicable, in this action in this Court. If served within Arizona, you shall appear
23  and defend within 20 days after the service of the Summons and Complaint upon you,
    exclusive of the day of service. If served out of the State of Arizona - whether by direct
24  service, by registered or certified mail, or by publication - you shall appear and defend
25  within 30 days after the service of the Summons and Complaint upon you is complete,

                                    -1-

exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. RCP 4; A.R.S. Sections 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon Plaintiff's attorney. RCP 10(d); A.R.S. Section 12-311; RCP 5.

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST 3 JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

The name and address of the Plaintiff's attorney is:
Richard Sheinson, Esq.
17470 N. Pacesetter Way
Scottsdale, AZ 85255

**COPY**

SIGNED AND SEALED this date:

JUN **1 9** 2017

MICHAEL K. JEANES, CLERK
K. KEE
DEPUTY CLERK
CLERK OF THE SUPERIOR COURT

By _____
Deputy Clerk

1  | **LAW OFFICES OF RICHARD SHEINSON, P.C.**
17470 N. Pacesetter Way
2  | Scottsdale, AZ 85255
(480) 365-0340
3  | Richard Sheinson, #017487
rsheinson@sheinsonlaw.com
4  | Lonny Sheinson, #026369
lsheinson@sheinsonlaw.com
5  | Attorneys for Plaintiff

6

7

8

9

10 | IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

11

12 | SEVASTE PALAISTIS,
Plaintiff
13
Case No. CV2017-003627
14 | vs.

15 | NICHOLAS MEYER, D.D.S. and
NANCY MEYER, a married couple;
16 | MILLENNIUM DENTAL ASSOCIATES,
P.C., an Arizona Corporation; DOES I-X,
17 | individuals and entities,

18 | Defendants.

**AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**
(Tort Non-Motor Vehicle)
(Assigned to Hon. David Gass)

19

20 | **FIRST CLAIM FOR RELIEF**

21 | For their complaint against the Defendants, and each of them, Plaintiff alleges as

22 | follows:

23 | 1.   Plaintiff Sevaste Palaistis is a single adult individual residing in Avon, New York.

24 | 2.   Plaintiff brings this complaint pursuant to A.R.S. §12-561, et seq.

25

-1-

3.     At all times material hereto, defendant Millennium Dentistry, P.C. (hereafter "Millennium") is and was an Arizona corporation as existing under the laws of the State of Arizona, with business offices located in Scottsdale, Maricopa County, Arizona.

4.     At all times material hereto, defendant Nichols Meyer, D.D.S. was doing business as Millennium Dentistry.

6.     At all times material hereto, defendant Nicholas Meyer, D.D.S., was a Dental healthcare provider, licensed to practice dentistry within the State of Arizona.

7.     At all times material hereto, defendant Nicholas Meyer, D.D.S. held himself out as being skilled, qualified, careful and diligent in the practice of Dentistry.

8.     At all times material hereto, defendants Nicholas Meyer, D.D.S., and Nancy Meyer were husband and wife. At all times material hereto, defendant Nicholas Meyer, D.D.S., was acting for, on behalf of and in furtherance of their said marital community.

9.     At all times material hereto, defendants Nicholas Meyer, D.D.S., and Nancy Meyer resided in Maricopa County, Arizona.

10.     At all times material hereto, defendant Nicholas Meyer, D.D.S., was an agent or employee of defendant Millennium and was acting within the scope and course of his authority and/or employment with, and for the benefit of, said defendant.

11.     Defendant Millennium is liable for the acts and omissions of defendant Nicholas Meyer, D.D.S., alleged hereafter.

12.     The acts and omissions of one and/or each of defendants which give rise to this occurred in Maricopa County, Arizona.

13.     Maricopa County is proper venue for this action.

14.     Defendants Does I through V are persons, corporations, or partnerships, (collectively "person") whose true names are not known to plaintiffs at present. Plaintiff further alleges, upon information and belief, that Does I through V are residents of and/or

1  have offices in Maricopa County, Arizona. At all times material hereto, Defendants Does I
2  through V were principals, employers, agents, or employees of the named defendants and
3  are liable for the acts and omissions of the named defendants alleged hereafter, or were
4  acting within the course and scope of that agency or employment with the named
5  defendants. Plaintiff will substitute the true names of such fictitiously named parties when
6  they are ascertained. Does I through V are persons whose negligent acts or omissions were
7  a cause of the injuries and damages sustained by plaintiff.  At all times material hereto,
8  each fictitiously named defendant was a licensed health care provider in Arizona or was
9  acting under the direction, supervision and control of a licensed health care provider.

10  15.    Throughout the year in 2015, Defendant Nicholas Meyer, D.D.S. provided Dental
11  care to Plaintiff Sevaste Palaistis including, without limitation, the placement of implants
12  and crowns and treatment of post-operative infections.

13  16.    Defendant Nicholas Meyer, D.D.S. performed dental care and dental surgical
14  procedures that were unnecessary and not indicated by Plaintiff's clinical history and
15  presentation.

16  17.    Defendant Nicholas Meyer, D.D.S placed Plaintiff at risk for serious harm and
17  injury by performing dental care and dental surgical procedures on Plaintiff that were
18  unnecessary and not indicated by Plaintiff's clinical history and presentation.

19  18.    In January 2016, Plaintiff learned for the first time that the care provided by Dr.
20  Meyer may have been substandard when, due to ongoing problems with the dental work
21  performed by Defendant, she sought a second opinion.

22  19.    Each defendant and each defendants' agents and employees, were required to
23  examine, evaluate, assess, diagnose, care for, manage and treat Plaintiff Sevaste Palaistis
24  for her dental and medical/or conditions, including without limitation, the placement of
25  implants and crowns for her teeth, with that degree of care, skill, learning, and diligence

1  expected of a reasonable, prudent dental healthcare provider in the profession or class to
2  which he or she belong within this state, in the same or similar circumstances.

3  20.    In examining, evaluating, assessing, diagnosing, caring for, managing and treating
4  Sevaste Palaistis' dental and/or medical conditions, or in failing to do so, each defendant
5  and each defendants' agents and employees, failed to exercise that degree of care, skill,
6  learning, and diligence expected of a reasonable, prudent, dental healthcare provider in the
7  profession or class to which he or she belong within the state, in the same or similar
8  circumstances.

9  21.    As a direct and proximate result of each defendant and of each defendant's agents
10 or employees' failures to comply with the applicable standards of care, plaintiff Sevaste
11 Palaistis suffered injuries, including without limitation, infection, speech problems,
12 malalignment of her bite, some of which are permanent.

13 22.    As a direct and proximate result of the foregoing, plaintiff Sevaste Palaistis has
14 experienced and will experience in the future bodily injury, pain, discomfort, suffering,
15 disability, disfigurement, permanent impairment, emotional distress, anxiety, and
16 diminution in the quality and enjoyment of her life.

17 23.    As a direct and proximate result of the foregoing, plaintiff Sevaste Palaistis has
18 incurred and will incur in the future reasonable expenses of necessary medical care,
19 treatment and services in an amount which will be proven at trial of this matter.

20 24.    As a direct and proximate result of the foregoing, plaintiff Sevaste Palaistis has lost
21 earnings to date, has a decrease in earning power and had a decrease in earning power or
22 capacity.

23 25.    As a direct and proximate result of Defendants' negligence, Plaintiff has incurred
24 expenses for dental and/or medical care and treatment of these injuries.

25

26.     As a direct and proximate result of Defendant's negligence, Plaintiff will likely incur future dental and/or medical expenses as a direct result of these injuries.

27.     As a direct and proximate result of the foregoing, plaintiff Sevaste Palaistis has sustained special and general damages in a sum to be determined by the jury in the trial of this matter, which is in excess of the minimal jurisdictional limit of this court.

28.     Plaintiff demands a trial by jury on her claims alleged in this complaint.

29.     By virtue of the foregoing, defendants and each of them, are liable to plaintiff pursuant to A.R.S. §12-561, et seq. for the damages and injuries more fully described above.

## SECOND CLAIM FOR RELIEF (Punitive Damages)

30.     Plaintiffs incorporate herein by this reference the allegation contained in paragraphs 1 through 29 of this complaint as though fully set forth herein.

31.     Defendant Nicholas Meyer, D.D.S., by performing dental care and dental surgical procedures on Plaintiff that were unnecessary and not indicated by Plaintiff's clinical history and presentation, acted to serve their own interests, having reason to know and consciously disregarded a substantial risk that their conduct might significantly injure the rights of Plaintiff.

32.     Defendant Nicholas Meyer, D.D.S., by performing dental care and dental surgical procedures on Plaintiff that were unnecessary and not indicated by Plaintiff's clinical history and presentation, consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

33.     Defendants, and each of them, acted to serve their own interests, having reason to know and consciously disregarded a substantial risk that their conduct might significantly injure the rights of Plaintiff and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

1   34.     An award of punitive damages should be assessed against each defendant to punish

2   and deter such defendant and others from similar misconduct in the future.

3   WHEREFORE, Plaintiffs demand judgment against the Defendants and each of them, as

4   follows:

5   1.      For the special damages as have been alleged above and which will be more

6   specifically proven at the time of trial;

7   2.      For all general damages which are proven at trial which would be fair to

8   compensate Plaintiffs under the evidence adduced;

9   3.      For punitive damages that are reasonable under the circumstances;

10  4.      For plaintiffs' taxable costs incurred in this action; and

11  5.      For such other and further relief as the Court may deem appropriate.

12          DATED this /9ᵗʰ day of June, 2017.

13

14                              RICHARD SHEINSON

15

16                              Richard Sheinson
                                Attorney for Plaintiffs
17

18

19

20

21

22

23

24

25

**LAW OFFICES OF RICHARD SHEINSON, P.C.**
17470 N. Pacesetter Way
Scottsdale, AZ 85255
(480) 365-0340
Richard Sheinson, #017487
rsheinson@sheinsonlaw.com
Lonny Sheinson, #026369
lsheinson@sheinsonlaw.com
Attorneys for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| SEVASTE PALAISTIS,<br>Plaintiff<br><br>vs.<br><br>NICHOLAS MEYER, D.D.S. and<br>NANCY MEYER, a married couple;<br>MILLENNIUM DENTAL ASSOCIATES,<br>P.C., an Arizona Corporation; DOES I-X,<br>individuals and entities,<br><br>Defendants. | Case No. CV2017-003627<br><br>**NOTICE OF APPEARANCE**<br><br>(Tort Non-Motor Vehicle)<br><br>(Assigned to Hon. David Gass) |

The Law Office of Richard Sheinson, P.C., by and through attorneys Richard Sheinson and Lonny Sheinson, Esq., hereby enters its appearance on behalf of Plaintiff, Sevaste Palaistis for all proceedings in this action.

**DATED** this 19th day of June, 2017.

RICHARD SHEINSON

Richard Sheinson
Attorney for Plaintiffs

-1-

1  SEVASTE PALAISTIS
   2775 Bronson Hill Rd.
2  Avon, NY 14414
   Plaintiff



APR -7 2017



MICHAEL K. JEANES, CLERK
F. AZADEH
DEPUTY CLERK

3

4

5

6

7        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8           IN AND FOR THE COUNTY OF MARICOPA

9

10  SEVASTE PALAISTIS,                    Case No.    CV 2017 - 003627
    Plaintiff

11      vs.                                        CERTIFICATE ON
                                                  EXPERT TESTIMONY
12  NICHOLAS MEYER, D.D.S. and
13  NANCY MEYER, a married couple;
    MILLENNIUM DENTAL ASSOCIATES,
14  P.C., an Arizona Corporation; DOES I-X,
    individuals and entities,
15
            Defendants.
16

17      Pursuant to A.R.S. §12-2602(A), plaintiff hereby certifies that expert testimony is

18  necessary to prove the standard of care or liability for the claims against the defendants

19  named in this action.

20      **DATED** this _6_ day of April, 2017.

21

22

23      SEVASTE PALAISTIS
        Plaintiff

24

25

                                    -1-

**COPY**

1    SEVASTE PALAISTIS
     2775 Bronson Hill Rd.
2    Avon, NY 14414                          APR −7 2017
     Plaintiff
3                                             MICHAEL K. JEANES, CLERK
                                                      F. AZADEH
                                                   DEPUTY CLERK
4

5

6

7              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                  IN AND FOR THE COUNTY OF MARICOPA

9

10   SEVASTE PALAISTIS,                      Case No.    CV2017−003627
     Plaintiff
                                         )
11       vs.                             )
                                         )   CERTIFICATE ON COMPULSORY
12                                       )          ARBITRATION
     NICHOLAS MEYER, D.D.S. and          )
13   NANCY MEYER, a married couple;      )
     MILLENNIUM DENTAL ASSOCIATES,       )
14   P.C., an Arizona Corporation; DOES I-X, )
     individuals and entities,
15
             Defendants.
16

17
            The undersigned certifies that she knows the dollar limits and any other limitations
18
     set forth by the local rules of practice for the applicable superior court, and further certifies
19
     that this case is not subject to compulsory arbitration, as provided by Rules 72 through 77
20
     of the Arizona Rules of Civil Procedure.
21

22           DATED this _____ day of April, 2017.

23

24                                        _____
                                          SEVASTE PALAISTIS
25                                        Plaintiff

                                         -1-

1  **SEVASTE PALAISTIS**
   2775 Bronson Hill Rd.
2  Avon, NY 14414
   Plaintiff
3

**COPY**

APR – 7 2017

MICHAEL K. JEANES, CLERK
F. AZADEH
DEPUTY CLERK

5

6

7  IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8  IN AND FOR THE COUNTY OF MARICOPA

9

10  | SEVASTE PALAISTIS, | Case No. | CV2017-003627 |
    | Plaintiff | | |

11  vs.                                    **COMPLAINT**

12  NICHOLAS MEYER, D.D.S. and      **DEMAND FOR JURY TRIAL**
13  NANCY MEYER, a married couple;       (Tort Non-Motor Vehicle)
    MILLENNIUM DENTAL ASSOCIATES,
14  P.C., an Arizona Corporation; DOES I-X,
    individuals and entities,
15
        Defendants.
16

17

18              **FIRST CLAIM FOR RELIEF**

19      For their complaint against the Defendants, and each of them, Plaintiff alleges as

20  follows:

21  1.   Plaintiff Sevaste Palaistis is a single adult individual residing in Avon, New York.

22  2.   Plaintiff brings this complaint pursuant to A.R.S. §12-561, et seq.

23  3.   At all times material hereto, defendant Millennium Dentistry, P.C. (hereafter

24  "Millennium") is and was an Arizona corporation as existing under the laws of the State of

25  Arizona, with business offices located in Scottsdale, Maricopa County, Arizona.

-1-

4.      At all times material hereto, defendant Nichols Meyer, D.D.S. was doing business as Millennium Dentistry.

6.      At all times material hereto, defendant Nicholas Meyer, D.D.S., was a Dental healthcare provider, licensed to practice dentistry within the State of Arizona.

7.      At all times material hereto, defendant Nicholas Meyer, D.D.S. held himself out as being skilled, qualified, careful and diligent in the practice of Dentistry.

8.      At all times material hereto, defendants Nicholas Meyer, D.D.S., and Nancy Meyer were husband and wife. At all times material hereto, defendant Nicholas Meyer, D.D.S., was acting for, on behalf of and in furtherance of their said marital community.

9.      At all times material hereto, defendants Nicholas Meyer, D.D.S., and Nancy Meyer resided in Maricopa County, Arizona.

10.     At all times material hereto, defendant Nicholas Meyer, D.D.S., was an agent or employee of defendant Millennium and was acting within the scope and course of his authority and/or employment with, and for the benefit of, said defendant.

11.     Defendant Millennium is liable for the acts and omissions of defendant Nicholas Meyer, D.D.S., alleged hereafter.

12.     The acts and omissions of one and/or each of defendants which give rise to this occurred in Maricopa County, Arizona.

13.     Maricopa County is proper venue for this action.

14.     Defendants Does I through V are persons, corporations, or partnerships, (collectively "person") whose true names are not known to plaintiffs at present. Plaintiff further alleges, upon information and belief, that Does I through V are residents of and/or have offices in Maricopa County, Arizona. At all times material hereto, Defendants Does I through V were principals, employers, agents, or employees of the named defendants and are liable for the acts and omissions of the named defendants alleged hereafter, or were

-2-

1    acting within the course and scope of that agency or employment with the named
2    defendants. Plaintiff will substitute the true names of such fictitiously named parties when
3    they are ascertained. Does I through V are persons whose negligent acts or omissions were
4    a cause of the injuries and damages sustained by plaintiff.  At all times material hereto,
5    each fictitiously named defendant was a licensed health care provider in Arizona or was
6    acting under the direction, supervision and control of a licensed health care provider.

7    15.    Throughout the year in 2015, Defendant Nicholas Meyer, D.D.S. provided Dental
8    care to Plaintiff Sevaste Palaistis including, without limitation, the placement of implants
9    and crowns and treatment of post operative infections.

10   16.    In January 2016, Plaintiff learned for the first time that the care provided by Dr.
11   Meyer may have been substandard when, due to ongoing problems with the dental work
12   performed by Defendant, she sought a second opinion.

13   17.    Each defendant and each defendants' agents and employees, were required to
14   examine, evaluate, assess, diagnose, care for, manage and treat Plaintiff Sevaste Palaistis
15   for her dental and medical/or conditions, including without limitation, the placement of of
16   implants and crowns for her teeth, with that degree of care, skill, learning, and diligence
17   expected of a reasonable, prudent dental healthcare provider in the profession or class to
18   which he or she belong within this state, in the same or similar circumstances.

19   18.    In examining, evaluating, assessing, diagnosing, caring for, managing and treating
20   Sevaste Palaistis' dental and/or medical conditions, or in failing to do so, each defendant
21   and each defendants' agents and employees, failed to exercise that degree of care, skill,
22   learning, and diligence expected of a reasonable, prudent, dental healthcare provider in the
23   profession or class to which he or she belong within the state, in the same or similar
24   circumstances.

25

-3-

1  19.     As a direct and proximate result of each defendant and of each defendant's agents

2  or employees' failures to comply with the applicable standards of care, plaintiff Sevaste

3  Palaistis suffered injuries, including without limitation, infection, speech problems,

4  malalignment of her bite, some of which are permanent.

5  20.     As a direct and proximate result of the foregoing, plaintiff Sevaste Palaistis has

6  experienced and will experience in the future bodily injury, pain, discomfort, suffering,

7  disability, disfigurement, permanent impairment, emotional distress, anxiety, and

8  diminution in the quality and enjoyment of her life.

9  21.     As a direct and proximate result of the foregoing, plaintiff Sevaste Palaistis has

10  incurred and will incur in the future reasonable expenses of necessary medical care,

11  treatment and services in an amount which will be proven at trial of this matter.

12  22.     As a direct and proximate result of the foregoing, plaintiff Sevaste Palaistis has lost

13  earnings to date, has a decrease in earning power and had a decrease in earning power or

14  capacity.

15  23.     As a direct and proximate result of Defendants' negligence, Plaintiff has incurred

16  expenses for dental and/or medical care and treatment of these injuries.

17  24.     As a direct and proximate result of Defendant's negligence, Plaintiff will likely

18  incur future dental and/or medical expenses as a direct result of these injuries.

19  25.     As a direct and proximate result of the foregoing, plaintiff Sevaste Palaistis has

20  sustained special and general damages in a sum to be determined by the jury in the trial of

21  this matter, which is in excess of the minimal jurisdictional limit of this court.

22  26.     Plaintiff demands a trial by jury on her claims alleged in this complaint.

23  27.     By virtue of the foregoing, defendants and each of them, are liable to plaintiff

24  pursuant to A.R.S. §12-561, et seq. for the damages and injuries more fully described

25  above.

-4-

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, as follows:

1.    For the special damages as have been alleged above and will be more specifically proven at the time of trial;

2.    For all general damages which are proven at trial which would be fair to separately compensate plaintiffs under the evidence produced;

3.    For plaintiffs' taxable costs incurred in this action;

4.    For such other and further relief as this Court deems just and proper.


DATED this ___6th___ day of April, 2017.


                              SEVASTE PALAISTIS


                              Plaintiff

-5-